UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-76 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Shevirio Kavirion Childs-Young (1), and<br>William Charles Saffold (2), | |
| Defendants. | |

---

This matter comes before the Court on the Government's Motion to Designate Case as Complex Under the Speedy Trial Act and to continue all deadlines by at least 45 days. (Mot., ECF No. 31.)

## I. COMPLEX-CASE DESIGNATION

This case involves multiple counts stemming from a series of armed carjackings and robberies. (Mot. ¶ 1.) In support of its motion to designate this case as complex, the Government states that the indictment involves seven separate incidents, as well as multiple investigative events and dozens of uncharged but related incidents. (Mot. ¶ 2.) The Government contends that the case and discovery process is particularly complex given the "size, complexity, and scope of the investigative materials relative to the overall investigation." (Mot. ¶ 4.) "Discovery is very large and complicated," and "includes thousands of written reports, as well as voluminous videos, photographs, and content obtained through search warrants." (Mot. ¶ 2.) Further, given evidence obtained recently, the Government asserts that the existing indictment may be superseded. (Mot. ¶ 7.)

1

In sum, the Government asserts that this case is "unusual and complex in that the indicted conduct involves a large-scale conspiracy with multiple separate incidents," and because "[t]he evidence includes thousands of pages of written and documentary materials, as well as voluminous videos, photographs, and content obtained through search warrants." (Mot. ¶ 6.) The Government has conferred with counsel for Defendants, and they do not oppose the motion. (Mot. ¶ 8.)

The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), due to the large amount of discovery and the number of alleged criminal incidents, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

## II. EXTENSION OF DEADLINES

As stated above, the Government has also moved for a continuance of all deadlines by at least 45 days given the complexity of the case. (Mot. at 4.) The Government contends that it needs additional time to "provide fulsome and intelligent access to certain [investigative] materials to the Defendants." (Mot. ¶ 4.) The Government further states that given the current scheduling order, Defendants would have a limited opportunity to conduct a meaningful review of the discovery for the purposes of filing motions and preparing for trial. (*Id.*) Defendants do not oppose the motion. (Mot. ¶ 8.) The Court additionally finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide the Government, Defendants,

and the parties' respective attorneys reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On June 1, 2022, Chief Judge Tunheim entered General Order No. 36, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 36 (D. Minn. June 1, 2022). General Order No. 36 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 36 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. General Order No. 36 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.  **Accordingly, should Defendant**

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

3

file pretrial motions, counsel shall also file a letter indicating whether Defendant consents to a motions hearing by videoconference. (*See also* ECF No. 30.)

### III. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Designate Case as Complex Under the Speedy Trial Act (ECF No. 31) is **GRANTED**.

2. This case is designated as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3. The period of time from **June 21, 2022, through September 14, 2022**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

4. The Government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **August 8, 2022**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by **August 8, 2022**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

5. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **August 15, 2022**. D. Minn. LR 12.1(a)(2).

6. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **August 22, 2022**. D.

Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

7. **Should a defendant file pretrial motions, counsel shall also file a letter on or before August 22, 2022, indicating whether that defendant consents to a motions hearing by videoconference**. *See, e.g.,* ECF No. 30.

8. Counsel shall electronically file a letter on or before **August 22, 2022**, if no motions will be filed and there is no need for hearing.

9. All responses to motions shall be filed by **September 6, 2022**. D. Minn. LR 12.1(c)(2).

10. Any Notice of Intent to Call Witnesses shall be filed by **September 6, 2022**. D. Minn. LR. 12.1(c)(3)(A).

11. Any Responsive Notice of Intent to Call Witnesses shall be filed by **September 9, 2022**. D. Minn. LR 12.1(c)(3)(B).

12. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

13. **If required, the motions hearing shall take place before the undersigned on September 14, 2022, at 1:30 p.m., in Courtroom 9W, Diana E. Murphy U.S.**

Courthouse, 300 South Fourth Street, MINNEAPOLIS, Minnesota. D. Minn. LR 12.1(d).

14. **TRIAL:** The trial date, and other related dates, are TO BE DETERMINED before District Judge Katherine M. Menendez in Courtroom 3A, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, SAINT PAUL, Minnesota. Counsel must contact the Courtroom Deputy for Judge Menendez to confirm the new trial date.

Dated: June   23  , 2022

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Childs-Young et al.*
Case No. 22-cr-76 (KMM/TNL)