UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
22-CR-076 (KMM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    )<br>    Plaintiff,  )<br>    )<br>    v.  )<br>    )<br>(1) SHEVIRIO KAVIRION CHILDS-YOUNG,  )<br>    a/k/a "Rio,"  )<br>    )<br>(3) ERIC HARRELL KNIGHT, and  )<br>    )<br>(4) JAVEYON DEMARIO TATE,  )<br>    )<br>    Defendants.  ) | **CONSOLIDATED RESPONSE OF THE UNITED STATES TO DEFENDANTS' PRETRIAL MOTIONS** |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez, Assistant United States Attorney, hereby submits its consolidated response to the Defendants' various pretrial motions.

I. *Discovery Motions*.

   a. <u>Motion for Expert Disclosures</u>.  (Documents No. 70 (Knight); 81 (Tate); 85 (Childs-Young).)

The United States is aware of its obligations under Rule 16(a)(1)(F) and (G) and intends to comply fully with the requirements of those rules.

Regarding the timing of such disclosures, the United States respectfully requests that the Court order that all Rule 16(a)(1)(G) disclosures be made no later than 30 days before trial.  *See United States v. Finn*, 919 F. Supp. 1305,

1316 n.7 (D. Minn. 1995) (ordering Government to make Rule 16(a)(1)(G) disclosures as opinions become available and no later than seven days before trial and rejecting defendant's request that such disclosures be made at least 45 days prior to trial). Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

    b.    <u>Motion for Early Jencks Act Disclosures</u>. (Document No. 71 (Knight).)

The United States objects to this motion. It has been repeatedly and consistently held in this Circuit and District that the United States may not be required to make pretrial disclosure of Jencks material. *United States v. Finn*, 919 F. Supp. 1305, 1315 n.3 (D. Minn. 1995); *see also United States v. White*, 750 F.2d 726, 728 – 729 (8th Cir. 1984). Accordingly, the United States objects to any court-ordered disclosure of such statements prior to the witnesses' testimony. Notwithstanding the above, the United States agrees to provide Jencks Act material it has not already disclosed not later than three days prior to trial.

    c.    <u>Motion for Grand Jury Transcripts</u>. (Document No. 72 (Knight).)

Knight has moved for an order permitting him to inspect and copy the minutes and transcripts of the grand jury that returned the indictment in this case. The United States opposes this motion in part.

The United States will comply with its obligations under the Jencks Act, Federal Rule of Criminal Procedure 26.2, and Federal Rule of Criminal Procedure 12(h), as well as its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Should a witness who has testified before the grand jury testify at trial or at a hearing, the United States will provide the transcript of that witness's testimony. Absent one of these bases, however, Fed. R. Crim. P. 16(a)(3) specifically exempts grand jury transcripts from disclosure (no Defendant testified before the grand jury in this case).

    d.    <u>Motion for List of Government Witnesses</u>.  (Document No. 73 (Knight)).

Knight has moved for an order requiring the United States to provide a list of witnesses it intends to call at trial. The United States will provide the Court and Defendants a witness list pursuant to the Court's scheduling order in this case. The United States opposes any attempt to compel a witness list before then. Criminal defendants have no right in noncapital cases to disclosure of the names of government witnesses under Federal Rule of Criminal Procedure 16(a). *See United States v. Porter*, 850 F.2d 464, 465 (8th Cir. 1988); *United States v. White*, 750 F.2d 726, 728 (8th Cir. 1984). The Defendant's motion should therefore be denied.

  e. <u>Motion for Disclosure of Fed. R. Evid. 404(b) Evidence</u>. (Document No. 74 (Knight); 82 (Childs-Young).)

The United States is aware of its obligation under Federal Rule of Evidence 404(b) and will fully comply with those obligations. The issue before the Court on this matter is when disclosures under Rule 404(b) must be made.

With respect to requests for the "immediate" disclosure, Rule 404(b) does not require the immediate disclosure of such evidence. Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request will depend largely on the circumstances on each case"). Although the United States intends to produce all such evidence as soon as practicable, the United States objects to the timing element of this request because it will lead to motions to suppress of later discovered 404(b) evidence. The United States agrees to disclose all such evidence at least one week prior to trial.

Finally, the United States requests that the order be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts that are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of the defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one as

the defendant may claim that the United States must give notice of every "bad act" it intends to introduce, which is not so. *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

    f.    <u>Motion for Disclosure of Favorable Evidence</u>. (Document No. 75 (Knight); 83 (Childs-Young).)

The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The United States will fully comply with these obligations. The United States objects to the Defendant's motion to the extent that its requests go beyond the requirements of *Brady*, *Giglio*, and their progeny.

    g.    <u>Motion for Disclosure of Confidential Informants</u>. (Document No. 76 (Knight).)

Knight has moved for orders requesting disclosure of any confidential informants, and to make them available for interview.

The United States is aware of its obligations under *Roviaro v. United States*, 353 U.S. 59 (1957), and its progeny. The United States is not aware of any informants in this case who would fall under the auspices of *Roviaro*. Should that change, the United States will promptly inform the Defendant.

The United States objects to any attempt to compel disclosure of the identity of any confidential informant in this case who does not fall under the auspices of *Roviaro*.

The law is well settled that the United States has a privilege to withhold the disclosure of the identity of its informants. *McCray v. Illinois*, 386 U.S. 300, 312-13 (1967). "In order to override the Government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). Here, the Defendants have made no showing of materiality with respect to the disclosure of any other persons providing information to the United States.

To the extent the United States calls cooperating witnesses or any other witnesses at trial, it will produce all Rule 26.2 materials, all Jencks Act materials and all *Giglio* materials relating to the individual, including all promises and incentives for testimony. *Id.*

The United States objects to any request to make confidential informants available for interview. "The United States's disclosure obligation with respect to material confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identity and location so that the defendant may contact the informant to request an interview or use the informant as a witness." *United States v. Cree*, No. CRIM. 12-26(4) JRT, 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012), citing *United States v. Padilla*, 869 F.2d 372, 376–77 (8th Cir. 1989). It is the Defendant's obligation to coordinate witness interviews, and confidential

6

informants should remain free to refuse interviews at their option.  *Id.*

    h.    <u>Post Co-Conspirator Statements</u>.  (Document No. 77 (Knight); 86 (Childs-Young).)

Knight and Childs-Young have moved for an order compelling the United States to give notice of any intent to use statements of "any defendant or unindicted co-conspirator."  Knight and Childs-Young have also moved for an order granting him leave to file motions for severance and suppression, and motions in limine.

The United States does not oppose the Defendants' request for leave to file motions.  However the United States opposes the Defendants' attempt at early disclosure of intent to introduce evidence as overly broad and not supported by the Federal Rules of Criminal Procedure.  Statements of co-conspirators are only discoverable if they encompass exculpatory or impeaching *Brady* material, or are required pursuant to the Jencks Act.  *See, e.g.*, *United States v. Polk*, 715 F.3d 238, 247–51 (8th Cir. 2013).  If a co-defendant, unindicted co-conspirator, or other type of cooperating defendant will be a witness at trial, the United States agrees to provide any statements of that witness pursuant to the Jencks Act not later than three business days prior to trial.

      i.    <u>Motion for Discovery</u>.  (Document No. 79 (Knight); 81 (Tate); 84 (Childs-Young).)

The United States does not object to this motion insofar as it seeks items which fall within the ambit of Federal Rule of Evidence 16.  The United States has already complied with Rule 16 and will continue to do so.

The United States, however, does object to the motion insofar as it seeks items which fall outside the ambit of Rule 16.  There is no general constitutional right to discovery in a criminal case.  *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).  A criminal defendant must point to either a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government.  *Id.*

II.    *Procedural Motions.*

      a.    <u>Motion to Preserve Rough Notes</u>.  (Document No. 78 (Knight); 87 (Childs-Young).)

The United States does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes and any video and audio recordings in their possession.

The United States objects to any order concerning the disclosure of rough notes.  Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500.  *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes were not a statement of witness as

there was no evidence witness signed, adopted, or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agent's destroyed rough notes of investigation as Jencks Act material when merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

    b.    <u>Motion for Severance</u>.   (Document No. 88 (Childs-Young).)

Childs-Young has moved to sever his trials from his co-defendants in this case. The United States opposes this motion.

A defendant is entitled to severance only if he shows that prejudice would result from a joint trial. *United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012). In order to demonstrate sufficient prejudice, a defendant must establish that his defense is irreconcilable with that of his co-defendants, or that a jury will be unable to compartmentalize the evidence as it relates to the separate defendants. *Id.* The risk of prejudice in a joint trial is best addressed by jury instructions. *Id.*

9

Childs-Young has not demonstrated that severance is warranted. The interests of justice and judicial economy require that Childs-Young and his co-defendants be tried together.

Joinder of defendants is governed by Rule 8(b) of the Federal Rules of Criminal Procedure. The Supreme Court has repeatedly reminded federal courts that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 536 (1993); *United States v. Bordeaux*, 84 F.3d 1544, 1547 (8th Cir. 1996). As the Supreme Court explained: "[j]oint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (quotations and citations omitted).

Even where defendants are properly joined under Rule 8(b), a district court may grant severance where a defendant shows that he will be prejudiced by a joint trial. *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998). However, severance should be granted only if there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 538. Further, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39.

In this case, Childs-Young has failed to articulate how any specific trial right would be compromised by a joint trial, or to explain how a joint trial would prevent the jury from making a reliable judgment.

The case charges one conspiracy to possess firearm in furtherance of conspiracies to commit interference with commerce by robbery and carjacking. All Defendants are charged with membership and participation in this common conspiracy. "The general rule is that persons charged in a conspiracy should be tried together." *United States v. Lee*, 743 F.2d 1240, 1248 (8th Cir. 1984).

The Defendant's motion for severance should therefore be denied.

III. *Suppression Motions.*

a. <u>Motion to Suppress Identification by L.D.W</u>.  (Document No. 89 (Childs-Young).)

Childs-Young has moved to suppress an identification of him by an individual with the initials L.D.W. on February 18, 2022. The United States opposes this motion.

The United States anticipates that the evidence adduced at the motions hearing will establish that L.D.W. was the victim of a carjacking and robbery on September 21, 2022.

On February 18, 2022, Sgt. David Ligneel of the Minneapolis Police Department (and a task force officer with the Federal Bureau of Investigation) drove to L.D.W.'s home. Sgt. Ligneel showed L.D.W. a line-up of six

11

photographs, one of which was Childs-Young. L.D.W. looked at the photographs, and identified Childs-Young as the man who robbed and carjacked him "100%."

A crime victim's identification of the defendant is admissible unless it is based upon a pretrial confrontation between the witness and the suspect that is both impermissibly suggestive *and* unreliable." *United States v. Pickar*, 616 F.3d 821, 827 (8th Cir. 2010), quoting *United States v. Martinez*, 462 F.3d 903, 901 (8th Cir. 2006) (emphasis in original). Even an impermissibly suggestive identification is admissible it is reliable. *United States v. Pickar*, 616 F.3d at 827, citing *Neil v. Biggers*, 409 U.S. 188, 199 (1972). In this case, the identification was neither unduly suggestive nor unreliable. Sgt. Ligneel did not make any direct or implicit suggestion about Childs-Young—L.D.W. recognized and identified Childs-Young on his own. The Defendant's motion should therefore be denied.

The United States intends to call Sgt. Ligneel as a witness at the motions hearing.

    b.   <u>Motion to Suppress Statements</u>.  (Document No. 90 (Childs-Young).)

Childs-Young has moved to suppress statement he made on December 2, 2021, and January 25, 2022. The United States does not intend to offer Childs-Young's statements in its case-in-chief. Childs-Young's motion may therefore be denied as moot.

  c. <u>Motion to Suppress Evidence—Buccal Swab</u>. (Document No. 91 (Childs-Young).)

  Childs-Young moves to suppress evidence obtained through the issuance of a warrant to collect his DNA via a buccal swab. The United States opposes this motion. The warrant was valid and supported by probable cause. Even if it had not been, officers relied upon it in good faith. The United States intends to offer the warrant for a four-corners review. The United States does not intend to offer testimony on this motion.

  d. <u>Motion to Suppress Evidence—Cash App Account</u>. (Document No. 92 (Childs-Young).)

  Childs-Young moves to suppress evidence obtained through the issuance of a warrant to collect information from his Cash App account. The United States opposes this motion. The warrant was valid and supported by probable cause. Even if it had not been, officers relied upon it in good faith. The United States intends to offer the warrant for a four-corners review. The United States does not intend to offer testimony on this motion.

  e. <u>Motion to Suppress Evidence—Phone Number</u>. (Document No. 93 (Childs-Young).)

  Childs-Young moves to suppress evidence obtained through the issuance of a warrant to collect information associated with his cell phone. The United States opposes this motion. The warrant was valid and supported by probable cause. Even if it had not been, officers relied upon it in good faith. The United States intends to offer the warrant for a four-corners review. The

United States does not intend to offer testimony on this motion.

    f.    <u>Motion to Suppress Evidence—Residence</u>.  (Document No. 94 (Childs-Young).)

Childs-Young moves to suppress evidence obtained through the issuance of a warrant to search a residence located at 35XX 6th Street North in Minneapolis.  The United States opposes this motion.  The warrant was valid and supported by probable cause.  Even if it had not been, officers relied upon it in good faith.  The United States intends to offer the warrant for a four-corners review.  The United States does not intend to offer testimony on this motion.

Dated:   October 18, 2022

                                        Respectfully Submitted,

                                        ANDREW M. LUGER
                                        United States Attorney

                                        *s/ Thomas Calhoun-Lopez*
                                        BY:   THOMAS CALHOUN-LOPEZ
                                        Assistant U.S. Attorney
                                        Attorney ID No. 480908DC