UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-76 (KMM/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Shevirio Kavirion Childs-Young (1), Eric Harrell Knight (3), and Javeyon Demario Tate (4), | |
| Defendants. | |

Andrew M. Luger, United States Attorney, and Craig R. Baune and Thomas Calhoun-Lopez, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Douglas L. Micko, Assistant Federal Defender, and Manvir K. Atwal, First Assistant Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant Shevirio Kavirion Childs-Young);

Kurt B. Glaser, Berglund, Baumgartner, Kimball & Glaser, LLC, 333 Washington Avenue North, Suite 405, Minneapolis, MN 55401 (for Defendant Eric Harrell Knight); and

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415 (for Defendant Javeyon Demario Tate).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions.

Defendant Shevirio Kavirion Childs-Young has filed the following motions:

1. Pretrial Motion for Disclosure of 404 Evidence, ECF No. 82;

2. Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 83;

1

3. Motion for Discovery and Inspection, ECF No. 84;

4. Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 85;

5. Motion to Disclose Post Conspiracy Statements of Codefendants, ECF No. 86;

6. Motion for Government Agents to Retain Rough Notes, ECF No. 87; and

7. Pretrial Motion for Severance of Defendants, ECF No. 88.

Defendant Eric Harrell Knight has filed the following motions:

1. Motion for Disclosure of Evidence Relating to Experts, ECF No. 70;

2. Motion for Early Disclosure of Jencks Act Material, ECF No. 71;

3. Motion for Grand Jury Transcripts, ECF No. 72;

4. Motion for List of Government Witnesses, ECF No. 73;

5. Motion for Disclosure of 404 Evidence, ECF No. 74;

6. Motion to Disclose Evidence Favorable to the Defendant, ECF No. 75;

7. Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants, ECF No. 77;

8. Motion for Government Agents to Retain Rough Notes, ECF No. 78; and

9. Rule 16 Request for Pretrial Discovery, ECF No. 79.[1]

Defendant Javeyon Demario Tate filed a Motion for Discovery Pursuant to

---

[1] Defendant Knight also filed a Motion for Disclosure or Production of Confidential Informants, ECF No. 76. In its response, the Government stated that it "is not aware of any informants in this case that would fall under the auspices of *Roviaro* [*v. United States*, 353 U.S. 59 (1957)]" and would "promptly inform" Defendant Knight should that change. Gov't's Consolidated Resp. at 5, ECF No. 100. In light of the Government's representation, Defendant Knight withdrew this motion at the hearing. Tr. 16:16-17:14, ECF No. 117. Accordingly, the Clerk of Court will be directed to term it. Additionally, the Court notes that it cites to the redacted transcript of the motions hearing, which remains under temporary seal in connection with the process for redacting any personal identifiers. *See generally* D. Minn. LR 5.5; ECF No. 117; *see also* ECF Nos. 115, 116 (addressing redaction of personal identifiers).

Federal Rules of Criminal Procedure 16(a), 16(a)(1)(D), 16(a)(1)(E), 16(a)(1)(F), 16(a)(1)(G), 16(c) and *Brady v. Maryland*, 373 U.S. 83 (1963), ECF No. 81.

A hearing was held on November 8, 2022. ECF No. 108. Thomas Calhoun-Lopez appeared on behalf of the United States of America (the "Government"). Douglas L. Micko and Manvir K. Atwal appeared on behalf of Defendant Childs-Young. Kurt B. Glaser appeared on behalf of Defendant Knight. Kenneth U. Udoibok appeared on behalf of Defendant Tate. Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Defendant Childs-Young's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 82, and Defendant Knight's Motion for Disclosure of 404 Evidence, ECF No. 74, are **GRANTED IN PART** and **DENIED IN PART**. Defendants Childs-Young and Knight request immediate disclosure of "any 'bad act' or 'similar course of conduct' evidence'" the Government intends to introduce at trial under Rule 404(b) of the Federal Rules of Evidence and "the witnesses through whom such evidence will be presented at trial." ECF No. 82 at 1; *accord* ECF No. 74 at 1.

The Government states that it "is aware of its obligations under Federal Rule of Evidence 404(b) and will comply fully with those obligations." Gov't's Consolidated Resp. at 4. The Government "intends to produce all such evidence as soon as practicable" and, in its response, "agree[d] to disclose all such evidence at least one week prior to trial." Gov't's Consolidated Resp. at 8. The Government objects to an order requiring disclosure of "acts which are 'intrinsic' to the charged offense." Gov't's Consolidated Resp. at 13.

3

At the hearing, the Government offered to produce such evidence three weeks prior to trial, which was agreeable to both Defendants Childs-Young and Knight. Tr. 6:3-24, 15:23-16:5.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Rule 404(b) does not, however, require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971).

Further, "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which

4

the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C). The motions are otherwise denied.

2. Defendant Childs-Young's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 83; Defendant Knight's Motion to Disclose Evidence Favorable to the Defendant, ECF No. 75; and Defendant Tate's request for *Brady* material, *see* ECF No. 81 at 1, are **GRANTED IN PART** and **DENIED IN PART**. Defendants seek disclosure of evidence favorable to them under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

The Government states that it is aware of its obligations under these authorities and will comply fully with those obligations. The Government objects the extent Defendants seek disclosures beyond the requirements of *Brady*, *Giglio*, and their progeny.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment."

*United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendants Childs-Young and Knight's motions and Defendant Tate's request are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment

6

evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendants seek discovery and disclosures outside the Government's obligations or seeks materials that have already been produced, the motions and request are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

3. Defendant Childs-Young's Motion for Discovery and Inspection, ECF No. 84; Defendant Knight's Rule 16 Request for Pretrial Discovery, ECF No. 79; and Defendant Tate's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(a), 16(a)(1)(D), 16(a)(1)(E), 16(a)(1)(F), 16(a)(1)(G), 16(c) and *Brady v. Maryland*, 373 U.S. 83 (1963), ECF No. 81, are **GRANTED IN PART** and **DENIED IN PART**. Additionally, Defendant Childs-Young's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 85, and Defendant Knight's Motion for Disclosure of Evidence Relating to Experts, ECF No. 70, are **GRANTED**.

Defendants Childs-Young and Tate generally seek materials subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), (F), and (G) of the Federal Rules of Criminal Procedure as well as an order for continuing disclosure. Generally citing "Rule 16 of the Federal Rules of Criminal Procedure, and such other statutory and constitutional rules relating to discovery," Defendant Knight seeks a laundry list of discovery. *See generally* ECF No. 79 ¶¶ 1-22. Some of the materials requested are subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See, e.g.*, ECF No. 79 ¶¶ 1-3, 5-6, 22. Defendant Knight also seeks an order for continuing disclosure and requests that the discovery be produced "no later than three working days." ECF No.

7

79 at 5.

The Government states that it "does not object to th[ese] motion[s] insofar as [they] seek[] items that fall within the ambit of" Rule 16, "has already complied with Rule 16[,] and will continue to do so." Gov't's Consolidated Resp. at 8. The Government objects, however, "insofar as [these motions] seek[] items that fall outside the ambit of Rule 16." Gov't's Consolidated Resp. at 8. The Government additionally proposed 30 days before trial for expert disclosures. Gov't's Consolidated Resp. at 8.

At the hearing, the parties addressed reciprocal expert discovery and all were agreeable to 30 days before trial for principal expert disclosures and 10 days before trial for rebuttal expert disclosures. Tr. 7:15-23; 14:2-8; 19:2-11.

Defendants' motions are granted in part to the extent they seek responsive information subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), and (F) that remains in the Government's control and has not yet been produced. Such information shall be produced as soon as practicable. Defendants' motions are further granted in part to the extent they seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or

material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

Defendants' motions are denied in all other respects. *See Johnson*, 228 F.3d at 924.

4.  Defendant Childs-Young's Motion to Disclose Post Conspiracy Statements of Codefendants, ECF No. 86; Defendant Knight's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants, ECF No. 77; and Defendant Tate's request for "any written statement or confession of any [co-]defendant in this case or unindicted co-conspirators," ECF No. 81 at 2, are **DENIED IN PART** to the extent Defendants seek disclosure under Federal Rule of Criminal Procedure 16 and are **DENIED WITHOUT PREJUDICE IN PART** as premature to the extent Defendants seek relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Defendants seek an order compelling the Government "to give notice and disclosure of intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any defendant or unindicted co-conspirator, together with a designation of which statement or confession the [G]overnment plans to so utilize." ECF No. 86 at 1; *see* ECF No. 77 at 1; ECF No. 81 at 2. Defendants Childs-Young and Knight also seek "leave to file motions for severance, suppression, and/or in limine" based on those disclosures. ECF No. 86 at 1; *see* ECF No. 77 at 1.

While the Government "does not oppose . . . Defendant[s Childs-Young and Knight's] request for leave to file motions," the Government "opposes the Defendants'

9

attempt at early disclosure of intent to introduce evidence as overly broad and not supported by the Federal Rules of Criminal Procedure." Gov't's Consolidated Resp. at 7. The Government states that, "[i]f a co-defendant, unindicted co-conspirator, or other type of cooperating defendant will be a witness at trial, [it] agrees to provide any statements of that witness pursuant to the Jencks Act not later than three business days prior to trial." Gov't's Consolidated Resp. at 10.

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Defendants Childs-Young and Knight's motions and Defendant Tate's request insofar as they seek pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are

10

those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant or unindicted co-conspirators are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018). Defendants Childs-Young and Knight's requests for leave to file motions related to any *Bruton* issues, however, are premature and denied without

prejudice.

5. Defendant Childs-Young's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 87, and Defendant Knight's Motion for Government Agents to Retain Rough Notes, ECF No. 78, are **GRANTED**. Defendants Childs-Young and Knight move "for an Order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated into official records." ECF No. 87 at 1; *see* ECF No. 78 at 1. Defendant Childs-Young additionally "moves for an order directing any and all officials involved in this case to preserve the evidence seized in the course of their investigation." ECF No. 87 at 1.

The Government "does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes and any video and audio recordings in their possession," but "objects to any order concerning the disclosure of rough notes." Gov't's Consolidated Resp. at 8.

Defendants Childs-Young and Knight's requests for the retention and preservation of all rough notes and evidence are granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter.

6. Defendant Childs-Young's Pretrial Motion for Severance of Defendants, ECF No. 88, is **DENIED WITHOUT PREJUDICE**. At the hearing, Defendant Childs-Young informed the Court that the motion could be denied at this stage of the

proceedings, but requested the "ability to re-raise this [issue] before the district court if necessary and if circumstances arise that would merit it." Tr. 8:15-9:3.

7. Defendant Knight's Motion for Early Disclosure of Jencks Act Material, ECF No. 71, is **DENIED**. Defendant Knight seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least two weeks before trial. While the Government objects to any Court-ordered early disclosure, the Government states that it will voluntarily "provide Jencks Act material it has not already disclosed not later than three days prior to trial." Gov't's Consolidated Resp. at 2; *see* Tr. 14:13-15:6 (Government "not aware of any outstanding Jencks material" and "intend[s] to turn it over as soon as practicable" to the extent any arises before trial).

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant Knight's request for early disclosure of Jencks Act materials is therefore denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less

than three days before trial as proposed by the Government.

8. Defendant Knight's Motion for Grand Jury Transcripts, ECF No. 72, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant Knight requests that counsel be permitted

> to inspect and copy the minutes and transcripts of the grand jury which returned the indictment on the following grounds:
>
> 1. The indictment may be based upon evidence illegally obtained;
>
> 2. The transcript is necessary to show that grounds exist to support a motion to dismiss the indictment because of matters occurring before the grand jury; and
>
> 3. The evidence presented is necessary to cross-examine, confront, and impeach government witnesses.

ECF No. 72 at 1.

The Government reaffirms that it "will comply with its obligations under the Jencks Act, Federal Rule of Criminal Procedure 26.2, and Federal Rule of Criminal Procedure 12(h), as well as its obligations under *Brady* . . . , *Giglio* . . . , and their progeny."[2] Gov't's Consolidated Resp. at 3. The Government states that, "[s]hould a witness who has testified before the grand jury testify at trial or at a hearing, [it] will provide the transcript of that witness's testimony." Gov't's Consolidated Resp. at 13. The Government otherwise objects to the motion.

"It has long been recognized that the proper functioning of our grand jury system

---

[2] The Government notes that "no Defendant testified before the grand jury in this case." Gov't's Consolidated Resp. at 3.

14

depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Defendant Knight has not made any showing of particularized need for grand jury materials. Therefore, his motion is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

9. Defendant Knight's Motion for List of Government Witnesses, ECF No. 73, is **GRANTED IN PART** and **DENIED IN PART**. Defendant Knight requests that the Government be ordered "to produce a list of all persons and their addresses whom [it] intends to call as witnesses at trial herein irrespective of whether the [G]overnment intends to utilize said witnesses in its case in chief or rebuttal." ECF No. 73 at 1.

The Government states that it will provide a witness list in accordance with any scheduling order issued by the district court. The Government "opposes any attempt to compel a witness list before then." Gov't's Consolidated Resp. at 3.

15

"A federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249; *see also, e.g.*, *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006) ("As a general rule, a defendant in a noncapital case has no right to require disclosure of government witnesses." (quotation omitted)). Defendant Knight's motion is granted only to the extent such disclosure may be ordered by the district court in preparation for trial, and is otherwise denied.

10. All prior consistent orders remain in full force and effect.

11. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: January  26 , 2023

             *s/ Tony N. Leung*
             Tony N. Leung
             United States Magistrate Judge
             District of Minnesota

             *United States v. Childs-Young et al.*
             Case No. 22-cr-76 (KMM/TNL)